

# FILED

**NOT FOR PUBLICATION**

MAR 10 2010

## UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARK STEVEN PRICE, | No. 06-15071 |
| Plaintiff - Appellant, | D.C. No. CV-04-02241-JAT |
| v. | |
| A. BJELLAND; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

|  |  |
|---|---|
| MARK STEVEN PRICE, | No. 06-15073 |
| Plaintiff - Appellant, | D.C. No. CV-05-02048-JAT |
| v. | |
| UNITED STATES OF AMERICA; et al., | |
| Defendants - Appellees. | |

Appeals from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

JS/Research

Before:      FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

In these consolidated appeals, Arizona state prisoner Mark Steven Price appeals pro se from the district court's judgments dismissing his two actions alleging violations of his constitutional rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal for failure to state a claim under 28 U.S.C. § 1915A); *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005) (interpretation of 28 U.S.C. § 1915(g)).  We affirm in part and dismiss in part.

In Appeal No. 06-15071, the district court properly dismissed Price's due process claim challenging the deprivation of property and the disciplinary proceedings against him, because he was afforded the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

In Appeal No. 06-15073, the district court properly dismissed Price's equal protection and due process claims because there is a rational basis for the government's fee requirement for an application to register intellectual property. *See Rodriguez v. Cook*, 169 F.3d 1176, 1179-80 (9th Cir. 1999) (applying rational

---

[**]      The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

basis test to equal protection challenge where there was no suspect class or fundamental interest at stake, and stating that indigent persons are not a suspect class); *Kim v. United States*, 121 F.3d 1269, 1273 (9th Cir. 1997) (stating that rational basis test applies to substantive due process challenge where no fundamental right is implicated).

The district court properly concluded that its dismissals in these actions constitute strikes because the dismissal of a prisoner action for failure to state a claim constitutes a strike regardless of whether the prisoner is in forma pauperis. *See* 28 U.S.C. § 1915(g); *Rodriguez*, 169 F.3d at 1178.

Price's challenge to the district court's determination that he had three strikes and thus could not proceed in forma pauperis in these actions is moot because he paid the full filing fees. *See Lipscomb v. Madigan*, 221 F.2d 798 (9th Cir. 1955) (per curiam).

Price's remaining contentions are unpersuasive.

**Appeal No. 06-15071: AFFIRMED in part; DISMISSED in part.**

**Appeal No. 06-15073: AFFIRMED in part; DISMISSED in part**.